UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILFREDO TORRES,	16-cv-2362 (KNF)

                Plaintiff,

   -against-

CITY OF NEW YORK:
COLBY WRIGHT, individually and as NYPD Police Officer
KEVIN WAHLIGH, individually and as NYPD Police Officer
NICHOLAS MACHIO, individually and as NYPD Police Officer
MICHAEL TRAVERSO, individually and as NYPD Police Officer
KRZYSZTOF FRYC, individually and as NYPH Police Officer
NYC Department Of Buildings
NYC Fire Department
Civilian Complaint Review Board
Bellevue Hospital
Bellevue South Associates
NYU Hospital For Joint Diseases,

                Defendants.
------------------------------------------------------------X

**DEFENDANT THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**Of Counsel:**
**Ryan M. Cleary, Esq.**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

RELEVANT PROCEDURAL HISTORY.................................................................... 1

LEGAL STANDARD .................................................................................................... 2

ARGUMENT.................................................................................................................. 2

   A. Plaintiffs' Proposed Amendments to the Complaint are time barred under this Court's prior Orders. ............................................................................................ 2

   B. Plaintiffs' Proposed Amendments to the Complaint are Prejudicial to the Defense ..... 4

# TABLE OF AUTHORITIES

**Cases**

Advocat v. Nexus Industries, Inc., 497 F. Supp. 328, 331 (D.Del. 1980) .................................... 4

Foman v. Davis, 371 U.S. 178(1962) ........................................................................................ 2

Grochowski v. Phoenix Constr., Ypsilon Constr. Corp., 318 F.3d 80, 82 (2d Cir. 2003) .............. 3

Lawrence v. Town of Cheektowaga, No. 04CV963, 2006 U.S. Dist. LEXIS 48617 (W.D.N.Y. 2006) .................................................................................................................................. 3

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) .................................... 2

Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir 2000) ........................................ 3

Rambarran v. Mount Sinai Hosp., No. 06CV5109, 2008 U.S. Dist. LEXIS 30580 (S.D.N.Y. 2008) .................................................................................................................................. 3

Smith v. New York, 611 F. Supp. 1080 (S.D.N.Y. 1985) ............................................................ 4

**Statutes**

F.R.C.P. 15(a)(2) ........................................................................................................................ 2

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendant the New York City Heath and Hospital Corporation s/h/a Bellevue Hospital's opposition to Plaintiffs' motion for leave to file a Second Amended Complaint.

This is a civil rights action wherein Plaintiff Wilfredo Torres, in part, alleges that he was involuntarily restrained at Bellevue Hospital Center on April 28, 2016. Mr. Torres filed an Amended Complaint on October 24, 2016, adding Bellevue Hospital as defendant, but did not serve Bellevue until on or about April 19, 2017. Now, with less than a month left in discovery, Mr. Torres seeks leave to file a Second Amended Complaint, in which he hopes to add at least 11 new allegedly Bellevue-affiliated defendants, including at least nine John/Jane Doe defendants.

This opposition will demonstrate that the proposed amendment is untimely pursuant to at least two scheduling orders in this case, and also prejudicial to the defense in light of the approaching discovery deadline.

## RELEVANT PROCEDURAL HISTORY

1. On September 27, 2016, the Court issued an Order by which Plaintiff's last day to amend his pleadings was October 14, 2016. A copy of the September 27th Order is annexed to the Declaration of Ryan M. Cleary, Esq., as Exhibit "A."

2. Thereafter, per plaintiff's request, the Court issued an Order extending the deadline for Plaintiff to amend his pleadings and join parties until October 24, 2016. A copy of the October 18th Order is annexed to the Declaration of Ryan M. Cleary, Esq., as Exhibit "B."

3. Plaintiff filed an Amended Complaint adding NYCHHC on October 24, 2016, but he did not serve the hospital until on or about April 19, 2017. A copy of plaintiff's Amended Complaint is annexed to the Declaration of Ryan M. Cleary, Esq., as Exhibit "C."

4. In the interim, at a conference on February 28, 2017, the Court issued an Order by which the time to complete discovery was enlarged to July 31, 2017. The Order did <u>not</u> renew or enlarge Plaintiff's time to amend his pleadings or add additional parties which had long since passed. A copy of the February 28th Order is annexed to the Declaration of Ryan M. Cleary, Esq., as Exhibit "D."

## LEGAL STANDARD

5. Pursuant to F.R.C.P. 15(a)(2), a party may seek leave to amend a pleading and leave to amend is to be "freely" given by the Court. F.R.C.P. 15(a)(2). The Supreme Court, in interpreting this statute, held that the District Court has discretion to grant or deny a party's request to amend a pleading. <u>Foman v. Davis</u>, 371 U.S. 178(1962). While leave is to be "freely given", the Supreme Court advised that a court can and should deny a party's request to amend a pleading where there is undue delay, undue prejudice, bad faith or, the requested amendments would be futile. <u>Id.</u>; <u>see</u> <u>also</u> <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).

6. This opposition will demonstrate that Plaintiffs' request to file a Second Amended Complaint should be denied as it is untimely, unduly delayed and prejudicial to defendants.

## ARGUMENT

**A. Plaintiffs' Proposed Amendments to the Complaint are time barred under this Court's prior Orders.**

7. Simply, Plaintiff's motion for leave must be denied because the proposed amendments are untimely under multiple scheduling Orders in this case.

8. It is well settled law that the failure to move by a Court imposed deadline for seeking leave to amend is sufficient to justify the denial of a delinquent request to do so. <u>See</u>

Grochowski v. Phoenix Constr., Ypsilon Constr. Corp., 318 F.3d 80, 82 (2d Cir. 2003). Moreover, a district court does not abuse its discretion in denying leave to amend when the moving party that fails to establish good cause or the late amendment. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir 2000).

9. Here, Plaintiff's motion is untimely under this Court's prior orders, under which his deadline to amend his pleadings and additional parties expired on October 24, 2016, nearly nine months ago. As noted above, the Court's September 27th Order permitted Mr. Torres to amend his pleadings and join additional parties through October 14, 2016, and the date was extended to October 24th per Mr. Torres' request for additional time. See Exhibits "A" and "B." Further, at a conference on February 28, 2017, this Court extended the discovery deadline until July 31, 2017, but the order was silent as to any additional amendments to the pleadings. As such, Plaintiff's motion is untimely.

10. Furthermore, Mr. Torres has not shown good cause to modify this Court's prior schedule Orders under Rule 16. It is well established that when a party knew of a new party or claim and failed to act over a long period of time before seeking leave to amend, the Court may properly deny the application. See, e.g., Lawrence v. Town of Cheektowaga, No. 04CV963, 2006 U.S. Dist. LEXIS 48617 (W.D.N.Y. 2006) (denying leave following a year long delay after plaintiff obtained new information and was advised by the Court of a cognizable claim); see also Rambarran v. Mount Sinai Hosp., No. 06CV5109, 2008 U.S. Dist. LEXIS 30580 (S.D.N.Y. 2008) (denying leave when moving party failed to identify new evidence or when it was obtained in motion filed five months after deadline).

11.     Here, while Mr. Torres timely amended his pleadings to name Bellevue Hospital as a defendant, he offers no new evidence or any explanation that would support a good cause amendment to this Court's Orders so as to allow him to name the 11 allegedly NYCHHC-affiliated defendants nearly nine months after the deadline to do so. On the contrary, Mr. Torres was well aware that certain individuals affiliated with Bellevue had contact with him during his brief hospital stay, yet he has offered no explanation as to why these individuals could not have been brought into the lawsuit when he timely amended his Complaint on October 24, 2016. Plaintiff's application contains no new legal theories as against NYCHHC or the proposed new defendants allegedly affiliated with NYCHHC, nor does he reference any new ly discovered facts that would constitute good cause to support the late amendment.

**B.     Plaintiffs' Proposed Amendments to the Complaint are Prejudicial to the Defense.**

12.     Plaintiff's motion must also be denied as it prejudices the defendants. In Smith v. New York, 611 F. Supp. 1080 (S.D.N.Y. 1985), Justice Haight noted that delay in seeking the amendment is closing related to prejudice, and that the "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of showing prejudice." Id at 1093, citing Advocat v. Nexus Industries, Inc., 497 F. Supp. 328, 331 (D.Del. 1980). As noted above, Plaintiff here has not offered any explanation as to why he is seeking to add 11 new allegedly Bellevue-affiliated individual defendants nearly nine months after amending his pleadings to add Bellevue Hospital. Mr. Torres' argument that this late amendment is not prejudicial to these defendants is incorrect. On the contrary, the defense of the new allegedly NYCHHC-affiliated defendants will be unduly burdened and compromised, as there is insufficient time to identify the purportedly new defendants, or for these defendants to meaningfully participate in discovery, or to mount a meaningful defense. At present, discovery

is set to be completed by the end of this month[1] and the majority of these newly named individuals have not even been identified.

        13.     As demonstrated above, since plaintiff's motion is untimely under this Court's prior orders, and prejudicial to the defense given the limited time before the discovery end date, defendant respectfully requests that plaintiff's motion be denied.

_____
Ryan M. Cleary (rc0424)

---

[1] Plaintiff recently requested defendants' consent to seek additional time to complete discovery, but at present no application has been made or granted by this Court.

1717084.1