# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

__Wilfredo Torres__
Write the full name of each plaintiff.

__16__ CV __2362__
(Include case number if one has been assigned)

-against-

__City of New York, et al — See Attachments__

__Second Amended__ COMPLAINT

Do you want a jury trial?
☒ Yes ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-26-18

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☒ Federal Question

☐ Diversity of Citizenship

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_The First, Fourth, and Fourteenth Amendments to the United States Constitution. Pendent state law claims._

### B. If you checked Diversity of Citizenship

1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
               (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ (Defendant's name), is a citizen of the State of

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

*Wilfredo*     *Torres*
First Name    Middle Initial    Last Name

*470 Second Avenue (2A)*
Street Address

*New York*    *NY*    *10016*
County, City    State    Zip Code

*212 447 1737*    *Radiante11111@gmail.com*
Telephone Number    Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State                  Zip Code

Defendant 2:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State                  Zip Code

Defendant 3:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State                  Zip Code

Defendant 4:

First Name        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

### III. STATEMENT OF CLAIM

Place(s) of occurrence: _See Attached_

Date(s) of occurrence: _See Attached_

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_See Attached_

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Plaintiff suffers from PTSD, Insomnia, Anxiety, tremors, pain, asthma, and headaches. Plaintiff suffered damage to his spinal surgery, making it neccessary to undergo medical treatment and possible additional surgery.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

Compensatory damages for loss of liberty, injury to person, and property, medical expenses, and other losses.

Judgement in the Amount of ten million Dollars ($10,000.000) against the defendants.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated: 9-26-18

Plaintiff's Signature: Wilfredo Torres

First Name: Wilfredo
Middle Initial:
Last Name: Torres

Street Address: 470 Second Avenue (2A)

County, City: New York
State: N.Y.
Zip Code: 10016

Telephone Number: 212-447-1737
Email Address (if available): Radiante1111@gmail.com

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes  ☒ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES

    Plaintiff

- against –

BELLEVUE SOUTH ASSOCIATES, LLP,
CITY OF NEW YORK,
OFFICER COLBY WRIGHT,
OFFICER KEVIN WAHLIGH,
OFFICER NICHOLAS MACHIO,
OFFICER MICHAEL TRAVERSO,
OFFICER KRZYSZTOF FRYC,
DENNIS MCGOWAN,
LIEUTENANT JAMES SCORDUS,
FIREFIGHTER DANIEL BARVELS,
FIREFIGHTER JOHN PEPE

    SECOND AMENDED

    COMPLAINT

    ATTACHMENT

    Defendants

DEFENDANTS — LIST AND ADDRESSES

1. BELLEVUE SOUTH ASSOCIATES LLP
   James Robert Pigott, Jr
   Phipps Houses
   902 Broadway, 13th Floor
   New York, NY 10100
   646-388-8283
   Fax: 212-886-2391
   Email: rpigott@phippsny.org

2. CITY OF NEW YORK
   Colin :Mceann Ceriello
   New York. City Law Departm.ent
   100 Church. Street
   New York, NY 10007
   (212)-356-5052
   Email: cceriellglaw.nyc.gov

3. OFFICER COLBY WRIGHT
   Colin McCann Ceriello
   New York City Law Department
   100 Church Street
   New York, NY 10007
   (212)-356-5052
   Email: cceriellglaw.nyc.gov

4. OFFICER KEVIN WAHLIGH
   13th Precinct
   230 East 21st Street
   New York, NY, 10010-7460
   (212) 477-7411

5. OFFICER. NICHOLAS MACHIO
   Colin McCann Ceriello
   New York City Law Department
   100 Church Street
   New York, NY 10007
   (21.2)-356-5052
   Email: cceriell@law.nyc.gov

6. OFFICER MICHAEL TRAVERSO
   Colin McCann Ceriello
   New York City Law Department
   100 Church Street
   New York, NY 10007
   (212)-356-5052
   Email: ccerielliglaw.nyc.gov

7. OFFICER KRZYSZTOF FRYC
   Colin Mccann Ceriello
   New York City Law Department
   100 Church Street
   New York, NY 10007
   (212)-356-5052
   Email: cceriell@law.nyc.gov

8. DENNIS MCGOWAN
   New York City Department of Buildings
   280 Broadway
   New York, New York 10007

9. LIEUTENANT JAMES SCORDUS
   New York City Fire Department ("FDNY")
   9 MetroTech Center Court Desk
   Brooklyn, New York 11201

10. FIRE FIGHTER DANIEL BARVELS
    New York City Fire Department ("FDNY")
    9 MetroTech Center Court Desk
    Brooklyn, New York 11201

11. FIREFIGHTER JOHN PEPE
    New York City Fire Department ("FDNY")
    9 MetroTech Center Court Desk
    Brooklyn, New York 11201

12. NYU HOSPITALS CENTER, the NYC Hospital for Joint Diseases
    Christopher Joseph Dioguardi
    Bond, Schoeneck & King, PLLC (NYC)
    600 Third Avenue 22nd Floor
    New York, NY 10016
    (646)-253-2331
    Fax: (646)-253-2301
    Email: edioguardi@bsk.com

13. DOCTOR AARON BUCKLAND of NYU Hospitals Center
    Christopher Joseph Dioguardi
    Bond, Schoeneek & King, PLLC (NYC)
    600 Third Avenue 22nd Floor
    New York, NY 10016
    (646)-253-2331
    Fax: (646)-253-2301
    Email: cdioguardi@bsk.com

14. BELLEVUE HOSPITAL, New York City Health and Hospitals Corporation
    Gabrielle LaMarche DeYoung
    Heiden, Pittoni, Murphy & Bach, LLP (CT)
    30 Oak Street
    Stamford, CT 06611
    (212) 286-8585
    Fax (212) 490-8966
    glamarche@gpmb.com

## PARTIES

### Plaintiff

Plaintiff, Mr. Wilfredo Torres, is a resident of New York.

### Defendants

1. Defendant Bellevue South Associates LLP ("BSA") is the Plaintiff's landlord.

2. Defendant City of New York ("City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. City maintains a police department, the New York Police Department ("NYPD") and the Fire Department of New York ("FDNY").

3. Defendant Police Officers Colby Wright, Kevin Wahligh, Nicholas Machio, Michael Traverso, and Krzysztof Frye, are employees and officers of the NYPD. The Defendant Police Officers are sued in their individual and official Capacity.

4. Defendant Dennis McGowan is the Inspector General of the City's Department of Buildings. He is sued in his individual and official capacity.

5. Defendants Lieutenant James Scordus and Firefighters Daniel Barvels and John Pepe are employees and officers of the FDNY. The Defendant Firefighters are sued in their individual and official capacity.

6. NYU Hospitals Center, known as the NYC Hospital for Joint Diseases, is a hospital.

7. Doctor Aaron Buckland is an employee and officer of the NYU Hospitals Center.

8. Bellevue Hospital, New York City Health and Hospitals Corporation ("Bellevue Hospital"), is a public hospital of the City.

FACTS

**Plaintiff's Health Is Negatively Impacted By An Illegal Coal Oven And Chimney**

12. Plaintiff has resided in a rent-stabilized apartment at 470 Second Avenue, New York., NY ("the Residential Building") for the last 25 years.

13. Adjacent to the Residential Building is a commercial building, located at 462 Second Avenue, New York ("the Commercial Building"). On the ground floor of the Commercial Building is a pizza restaurant.

14. Defendant Bellevue South Associates ("BSA") was, at all relevant times, the landlord the Residential Building, including Plaintiffs apartment, and the Commercial Building.

15. In about 2004, a commercial coal fired oven and chimney was installed at the pizza restaurant. The chimney was and is located approximately 50 feet from the windows of Plaintiff's apartment.

16. In about 2008, the oven and chimney began to release noxious gases and other pollutants, which entered Plaintiffs apartment.

17. The noxious gases and other pollutants from the oven and chimney interfered with the Plaintiffs sleep and exacerbated Plaintiffs asthma. The noxious gases and other pollutants posed a serious public health risk.

19. In about 2008, Plaintiff began to complain to BSA and to the NYC Department of Buildings ("DOB") about the noxious gases and other pollutants released by the chimney and coal fired oven.

20. Plaintiff repeatedly notified defendants BSA and DOB that the illegally constructed chimney adjacent to his second floor apartment represented a serious health risk, including exacerbating his asthma.

21. On September 19, 2013, a DOB violation was issued ibr the illegal exhaust chimney.

22. On August 10, 2015 BSA was issued a Notice to Revoke its pizza oven permit, along with a Partial Stop Work order.

23. Between March 2015 and July 2015, Plaintiff made numerous complaints about the illegal coal-fired oven and chimney with BSA, DOB, 311, and the Department of Investigations ("DOI").

24. On or about July 6, 2015, the Fire Department of New York issued a summons regarding the illegal coal oven, number 35184928, with the violation number and requesting that the "solid fuel cooking operation be discontinued."

25. Defendants BSA and DOB continued to ignore these violations.

**Unlawful Search And Seizure Of Plaintiff and Plaintiff's Apartment, September 28, 2015**

26. On. September 28, 2015, Plaintiff was alone in his apartment, asleep.

27. At about 9am that morning, New York City Police Officers Macchio, Traverso, and Fryc, accompanied by BSA employee Zijo Drogalic, broke down Plaintiff's apartment door and entered Plaintiff's apartment, without a legal warrant or other justification. As he entered the apartment, Officer Traverso had his gun drawn.

28. Officer Traverso handcuffed Plaintiff and told him to sit down on the sofa, without a legal warrant or other justification.

29. Officers Macchio, Traverso, and Fryc detained and interrogated. Plaintiff, and searched his apartment, without a legal warrant or other justification,

30. Officers Macchio, Traverso and Fryc continuously repeated that "[Mr. Torres] has been calling the Department of Buildings." Officer Fryc wrote on a piece of paper the name of defendant Dennis McGowan, the DOB Inspector General, and told Plaintiff that "this is the guy that sent us here." No other explanation regarding this police action was provided to Plaintiff.

31. After detaining and intimidating Plaintiff for about one hour, defendant NYPD officers left Plaintiff's residence without issuing any arrest or other summons.

32. Prior to this unlawful search and seizure, Plaintiff was not threatening anyone, physically attacking anyone, or causing a disturbance of any kind. Plaintiff was well groomed, clothed, and appeared in good physical health.

33. Despite defendants BSA and DOB's attempt at intimidation by wrongfully contacting the police, Plaintiff retained an attorney to address the continuing violation of the unlawful coal-fired oven and related exhaust chimney.

34. On March 17, 2016 Plaintiffs then-attorney sent a letter to Martin Rebholz, the Deputy Borough. Commissioner of the DOB requesting immediate assistance in enforcing its Stop Work Order and audit the illegal exhaust chimney. The letter was ignored.

**Unlawful Search, Seizure and Detention Of Plaintiff, April 26, 2016**

35. On April 26, 2016, Plaintiff entered defendant NW Hospital for Joint Diseases and. had spine surgery.

36. Plaintiff remained in Hospital until April 28, 2016. Plaintiff was due to be discharged on April 29, 2016.

37. On April 28, 2016 Plaintiff discharged himself from the hospital of his own volition. Plaintiff only lived ten short blocks from the hospital. Plaintiff's physical condition no longer required that he remain at the hospital. He was able to care for himself at home during his remaining recovery. He had only been prescribed ibuprofen to manage the pain and been told that his stiches would come out on their own within a couple of days.

38. Later that day, while Plaintiff was resting at home, Lieutenant Scordus and Firefighters Barvels and Pepe broke down Plaintiff's door in order to allow themselves, and Emergency Medical Service ("EMS") employees Gianella Robalino and Edward Rivera (not defendants in this case), to gain entry to Plaintiff's apartment.

39. On information and belief, Doctor Aaron. Buckland from NYU had called the police and told them that Plaintiff had left hospital. The source of that information and belief are statements by the Fire Fighters and statements by Doctor Buckland.

40. As the Plaintiff's door was broken down, Plaintiff began to video the events on his cell phone. Plaintiff told the Fire Fighters and the paramedics that he did not need any help.

41. Edward Rivera tried to grab Plaintiffs phone several times to prevent Plaintiff from recording them.

42. After Plaintiff indicated that he did not need any help, Lieutenant Scordus said "Let's call the doctor."

43. Shortly afterwards, Doctor Aaron Buckland. from NYU arrived. Plaintiff did not wish to speak with Doctor Buckland as Plaintiff was upset that his door had been broken down.

44. About 20 minutes later, Defendants NYPD Officers Colby Wright and Kevin Wahligh arrived. Officers Wright and Wahligh handcuffed Plaintiff.

45. After handcuffing Plaintiff, the Fire Fighters and the Officers escorted Plaintiff out of his apartment, in front of his neighbors. When he arrived in the lobby, the Officers made him stand for about five minutes in handcuffs in front of the pizza restaurant before allowing him into the EMS vehicle.

46. At all times, Plaintiff was calm, rational, and responsive.

47. The ambulance, escorted by a police car, transported Plaintiff the short distance to Bellevue Hospital's Psychiatric Unit and was left there as a "John Doe" despite the fact that they obviously knew Plaintiffs name and address.

48. At Bellevue Hospital, John Doe Psychiatrist 111 and Jane Doe Psychiatrist #2 spoke to Plaintiff for no more than five to ten minutes.

49. Based on that brief conversation with Plaintiff, two Bellevue psychiatrists committed Plaintiff for further investigation and care. These psychiatrists did not have any, or any adequate basis, to commit Plaintiff for further investigation.

50. At Bellevue Hospital, Plaintiff did not consent to be medically examined. A doctor at Bellevue then ordered Plaintiff to be sedated.

51. John Doe Bellevue Hospital Security Guard #1 grabbed Plaintiff and threw him on the floor. A Bellevue Hospital doctor injected Plaintiff with drugs that immediately put Plaintiff to sleep.

52. When Plaintiff gained consciousness, a Bellevue Hospital Security Guard grabbed Plaintiff, and a Bellevue Hospital Doctor injected Plaintiff with drugs that immediately put Plaintiff to sleep.

53. When Plaintiff gained consciousness a second time, a Bellevue Hospital security guard grabbed Plaintiff, and another Bellevue hospital doctor injected Plaintiff with drugs that immediately put Plaintiff to sleep.

54. Doctor Michael Kaufer caused urine samples to be taken from Plaintiff, without his consent.

55. Doctor Rachel Winchester caused blood samples to be taken from the Plaintiff, without his consent.

56. Jane Doe Bellevue Hospital Doctor #4 caused scans to be done of the Plaintiff, without his consent.

57. Bellevue Hospital detained Plaintiff overnight. During the night, Plaintiff suffered from a high fever.

58. On April 29, 2016, after being forcibly hospitalized for one day Plaintiff was released as a "John Doe" from Bellevue with a perfunctory and false diagnosis of "delirium."

59. Plaintiff was never a danger to himself or others. Even if he was a danger to himself or others, forced entry into his home and forced hospitalization was not the least restrictive alternative for dealing with his condition. The entirety of forced hospitalization and forced medication lacked any medical or safety justification.

60. Plaintiff filed a timely notice of claim with the New York City Comptroller's office.