USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO TORRES,

                Plaintiff,

v.

BELLEVUE SOUTH ASSOCIATES L.P.;
CITY OF NEW YORK; BELLEVUE
HOSPITAL; OFFICER COLBY WRIGHT;
OFFICER NICHOLAS MACHIO; OFFICER
MICHAEL TRAVERSO; OFFICER
KRZYSZTOF FRYC; OFFICER KEVIN
WAHLIGH; NYU HOSPITALS CENTER;
DOCTOR AARON BUCKLAND; DENNIS
MCGOWAN; LIEUTENANT JAMES
SCORDUS; FIREFIGHTER DANIEL
BARVELS; FIREFIGHTER JOHN PEPE;

                Defendants.

No.   16-CV-2362 (RA)

OPINION ADOPTING REPORT &
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

    On March 29, 2016, Plaintiff Wilfredo Torres, proceeding *pro se*, brought this action against the New York City Police Department, the New York City Department of Buildings, and Bellevue South Associates L.P., alleging violations of the First and Fourth Amendments pursuant to 42 U.S.C. § 1983.  Dkt. 1.  On June 28, 2016, the Court dismissed the claim against the NYPD "because agencies of the City of New York are not entities that can be sued" and instead "construe[d] the complaint as asserting claims against the City of New York."  Dkt. 12 (citing N.Y. City Charter ch. 17, § 396).  On October 24, 2016, Plaintiff filed an amended complaint, adding several defendants including NYPD Sergeant Colby Wright, Sergeant Nicholas Macchio, Officer Michael Traverzo, and Officer Krzysztof Fryc.  Dkt. 33.  Plaintiff's allegations against the City of New York and these four NYPD officers (collectively, the "City

Defendants") stem from alleged raids on his apartment on September 28, 2015 and April 26, 2016.[1] The City of New York filed its answer on February 16, 2017, Dkt. 40, and Wright, Macchio, Traverzo, and Fryc filed their answer on June 2, 2017, Dkt. 74. After engaging in discovery, the City Defendants moved for summary judgment on February 5, 2018.[2] Dkt. 204.

On February 26, 2020, Magistrate Judge Fox issued a Report and Recommendation ("Report"), recommending that the Court grant the City Defendants' motion for summary judgment. Rpt. at 27 (Dkt. 376). The Report first determined that the City Defendants' statement of facts, which "were not specifically controverted by Torres," were deemed to be admitted. *Id*. at 23. Judge Fox then turned to the claims against Fryc, Traverzo, and Macchio, which stemmed from the September 25, 2015 incident. Agreeing with the City Defendants, the Report concluded that these claims fail under the emergency aid doctrine, which "obviat[es] the requirement of a warrant [if there] is the need to assist persons who are seriously injured or threatened with such injury." *United States v. Simmons*, 661 F.3d 151, 157 (2d Cir. 2011) (explaining this is an objective test). Based on "[t]he totality of the circumstances with which the officers were confronted on September 28, 2015," in addition to the fact that "Torres ha[d] offered no evidence of a disputed material fact that undermines the argument urged by the movants," Judge Fox concluded that they were reasonable in entering Torres' apartment without a warrant. *Id*. at 24. Finally, he also determined that after entering Plaintiff's apartment, "the

---

[1] For purposes of this Opinion, the Court assumes the parties' familiarity with the facts.

[2] On February 14, 2018, Judge Fox granted in part Plaintiff's opposed request to file a second amended complaint. Dkt. 218. After that ruling, the City Defendants asked the Court to treat their previously-filed motion for summary judgment "as their response to plaintiff's second amended complaint," explaining that "[t]he second amended complaint does not materially differ from the first amended complaint aside from naming new defendants." Dkt. 278.

officers effected a search, reasonably, to determine whether noxious fumes, as had been reported to DOB as entering the apartment on that date, were present." *Id*.

Turning next to the claim against Wright, which stemmed from the April 28, 2016 incident, Judge Fox determined that Plaintiff's claim failed on two grounds.  First, Plaintiff had not shown that Wright "was personally involved in the municipal employees' entrance into Torres's apartment on April 28, 2016." *Id*. at 27.  As Judge Fox explained, simply being "present at the scene as events unfolded" is not sufficient.  *Id.*  Second, even if sufficient personal involvement was demonstrated, Wright's conduct would have also been reasonable under the emergency aid doctrine in light of the "information communicated by NYU personnel to the City's 911 operator about Torres's departure from NYU," including that "Torres left NYU in an agitated state, with a medical device implanted in an open wound and that his judgment might be impaired," and "on the scene information from Torres's surgeon." *Id*. at 25.  And once again, the Report noted that "Torres ha[d] presented no evidence demonstrating a disputed material fact exists respecting the circumstances described above." *Id*.

Judge Fox also concluded that the City Defendants had acted properly – due to Torres's conduct and Dr. Buckland's on-the-scene medical assessment – in seizing and transporting Torres to a hospital for a psychiatric evaluation under New York's Mental Hygiene Law § 9.41.  Here, too, "Torres ha[d] not provided any evidence tending to show that there is a material factual dispute about the basis upon which he was seized and transported to a hospital for a psychiatric evaluation." *Id.* at 26.  As a final point regarding the individual City Defendants, Judge Fox found that they would nonetheless be entitled to qualified immunity "because their conduct on September 28, 2015 and April 28, 2016, did not violate clearly established statutory or constitutional rights that Torres possessed." *Id*. at 27.

Finally, the Report addressed the *Monell* claim against the City. Agreeing with the City, Judge Fox found that "Torres provided no evidence identifying any City policy or practice that resulted in the municipal employees violating his constitutional rights on September 28, 2015 or April 28, 2016." *Id.*

Plaintiff filed timely objections to this Report. In a letter that broadly addressed all five Report and Recommendations that Judge Fox filed in this action on February 26, 2020, Plaintiff repeated prior assertions that he is "included in the federal government terrorism list" and that the alleged incidents on September 28, 2015 and April 28, 2016 were "part of the domestic assassinations programs." Dkt. 380 at 1 (docketed on Mar. 13, 2020). And other than noting that Judge Fox recommended granting the City Defendants' motion, which he incorrectly referred to as a motion to dismiss, his letter does not otherwise address the Report at issue here.[3] *See id.* at 2.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2). "The district court may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions sets forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotation marks omitted). However, a court must undertake a *de novo* review of

---

[3] Plaintiff also claims that "Judge Fox relied on inaccurate or incomplete data, but [he] could not correct it because to file objections [he] was only give fourteen (14) days after its 2-25-20 decision" and thus "had no time to consult with the Court's legal clinic for pro se litigants." *Id.* at 2. Plaintiff does not state what he believes was the "inaccurate or incomplete data" that Judge Fox relied on, particularly in this Report regarding the City Defendants' motion, nor did Plaintiff request an extension to file his objections. *Id.*

4

those portions to which specific objections are made. *See* 28 U.S.C. § 636(b)(1)(C). "[T]o the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Alam v. HSBC Bank USA, N.A.*, No. 07-CV-3540 (LTS), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009). And while "[o]bjections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest, . . . even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Quinn v. Stewart*, No. 10-CV-8692 (PAE) , 2012 WL 1080145, at *4 (S.D.N.Y. Apr. 2, 2012) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Even when construed liberally, Plaintiff's objections to the Report are not "specific [nor] clearly aimed at" Judge Fox's findings and conclusions. *Quinn*, 2012 WL 1080145, at *4. Other than noting that the Report recommended granting the City Defendants' motion, Plaintiff has not addressed the Report's factual or legal findings, in particular that there is no genuine dispute of fact that the individual City Defendants acted reasonably under the emergency aid doctrine and New York's Mental Hygiene Law § 9.41, that they would nonetheless be entitled to qualified immunity, and that he failed to provide any evidence demonstrating a policy, custom, or practice of the City of New York resulting in these two alleged incidents. In addition, to the extent there is any argument made in Plaintiff's objections, they merely repeat and rehash some of the arguments previously set forth by Plaintiff in opposing the City Defendants' motion. The Court, therefore, applies the clear-error standard of review and concludes that the Report is free of clear error.

Accordingly, the Report is adopted in its entirety and the City Defendants' motion for summary judgment is granted. Because the Court accepts the Report's recommendation and dismisses Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over the state law claims, to the extent that those are also asserted against the City Defendants. *See* 28 U.S.C. § 1367(c)(3). The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 204 and to close this action as to Defendants City of New York, Wright, Macchio, Traverzo, and Fryc.

SO ORDERED.

Dated:   June 18, 2020
         New York, New York

                                                    _____
                                                    Ronnie Abrams
                                                    United States District Judge