USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO TORRES,

                Plaintiff,

      v.

BELLEVUE SOUTH ASSOCIATES L.P.;
CITY OF NEW YORK; BELLEVUE
HOSPITAL; OFFICER COLBY WRIGHT;
OFFICER NICHOLAS MACHIO; OFFICER
MICHAEL TRAVERSO; OFFICER
KRZYSZTOF FRYC; OFFICER KEVIN
WAHLIGH; NYU HOSPITALS CENTER;
DOCTOR AARON BUCKLAND; DENNIS
MCGOWAN; LIEUTENANT JAMES
SCORDUS; FIREFIGHTER DANIEL
BARVELS; FIREFIGHTER JOHN PEPE;

                Defendants.

No. 16-CV-2362 (RA)

OPINION ADOPTING REPORT &
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

    On March 29, 2016, Plaintiff Wilfredo Torres, proceeding *pro se*, brought this action against the New York City Police Department, the New York City Department of Buildings, and Bellevue South Associates L.P. ("BSA"), alleging violations of the First and Fourth Amendments pursuant to 42 U.S.C. § 1983. Dkt. 1. On October 24, 2016, Plaintiff filed an amended complaint, Dkt. 33, which BSA answered on March 7, 2017, Dkt. 44. Plaintiff's allegations against BSA, which was his landlord, stem from the alleged raid by several NYPD officers on his apartment on September 28, 2015. After Plaintiff did not respond to the officers' multiple attempts to contact him, BSA building staff opened the door to his apartment at the

NYPD officers' direction.[1]  After engaging in discovery, BSA moved for summary judgment on February 5, 2018.[2]  Dkt. 191.

On February 26, 2020, Magistrate Judge Fox issued a Report and Recommendation ("Report"), recommending that the Court grant BSA's motion for summary judgment.  Rpt. at 13 (Dkt. 375).  The Report first accepted BSA's statement of facts as admitted in light of "the deficient response Torres provided[.]"  *Id.* at 11.  It then explained that pursuant to 42 U.S.C. § 1983, "a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law."  *Id.* at 10 (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)).  Based on the facts established here, Judge Fox held that there is no genuine dispute of fact that BSA, a private entity, was not acting under the color of state law on September 28, 2015 when its building staff opened the door to Plaintiff's apartment at the direction of the NYPD officers.  Noting that Plaintiff has not cited "evidence establishing that BSA, a private entity, was a willful participant in the officers' activity," the Report determined that accepting Torres' assertions here "would be grounded solely on speculation, not on evidence found in the motion record."  *Id.* at 12.

Plaintiff filed timely objections to this Report.  In a letter that broadly addressed all five Report and Recommendations that Judge Fox filed in this action on February 26, 2020, Plaintiff repeated prior assertions that he is "included in the federal government terrorism list" and that

---

[1] For purposes of this Opinion, the Court assumes the parties' familiarity with the facts.  The Court notes, however, that Plaintiff has acknowledged that BSA had no involvement in the other alleged incident at his apartment on April 28, 2016.  *See* Rpt. at 12-13; Dkt. 194 at 5 (BSA's Mot. for Summary Judgment).

[2] While the parties were engaged in discovery, Plaintiff sought leave to file a second amended complaint.  Dkt. 87.  His request was granted in part on February 14, 2018, Dkt. 218, and he filed the second amended complaint on July 10, 2018, Dkt. 275.  On September 28, 2018, the Court asked BSA to indicate whether it "wish[ed] to rely on [its] previous motion papers with respect to the amended complaint."  Dkt. 298.  BSA notified the Court that it "d[id] not seek to file supplemental papers on the motion" because "Plaintiff's Second Amended Complaint does not contain any allegations regarding BSA that are not fully addressed by BSA's pending motion for summary judgment dismissing this action as against BSA."  Dkt. 302.

the alleged incident on September 28, 2015 was "part of the domestic assassinations programs." Dkt. 380 at 1 (docketed on Mar. 13, 2020). And other than noting that Judge Fox recommended granting BSA's motion, which he incorrectly refers to as a motion to dismiss, his letter does not otherwise address the Report at issue here.[3] *See id.* at 2.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2). "The district court may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions sets forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotation marks omitted). However, a court must undertake a *de novo* review of those portions to which specific objections are made. *See* 28 U.S.C. § 636(b)(1)(C). "[T]o the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Alam v. HSBC Bank USA, N.A.*, No. 07-CV-3540 (LTS), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009). And while "[o]bjections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest, . . . even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Quinn v. Stewart*, No. 10-CV-8692 (PAE) , 2012 WL 1080145, at *4 (S.D.N.Y. Apr.

---

[3] Plaintiff also claims that "Judge Fox relied on inaccurate or incomplete data, but [he] could not correct it because to file objections [he] was only give fourteen (14) days after its 2-25-20 decision" and thus "had no time to consult with the Court's legal clinic for pro se litigants." *Id.* at 2. Plaintiff does not state what he believes was the "inaccurate or incomplete data" that Judge Fox relied on, particularly in this Report regarding BSA's motion, nor did Plaintiff request an extension to file his objections. *Id.*

3

2, 2012) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Even when construed liberally, Plaintiff's objections to the Report are not "specific [nor] clearly aimed at" Judge Fox's findings and conclusions. *Quinn*, 2012 WL 1080145, at *4. Other than noting that the Report recommended granting BSA's motion, Plaintiff has not addressed the Report's factual findings, in particular that the record demonstrates that BSA's building staff acted pursuant to the NYPD officers' instructions. Nor does he mention Judge Fox's conclusion that there is no genuine dispute of fact that BSA is a private entity, which was not working under the color of state law at the time of the incident on September 28, 2015. Rather, Plaintiff merely repeats and rehashes the arguments set forth in his response to BSA's motion for summary judgment, entitled "Plaintiff's Answer to Defendant Bellevue South Associates Motion for Summary Judgment." *See* Dkt. 231. The Court, therefore, applies the clear-error standard of review and concludes that the Report is free of clear error.

Accordingly, the Report is adopted in its entirety and BSA's motion for summary judgment is granted. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 191 and to close this action as to Defendant BSA.

SO ORDERED.

Dated:   June 18, 2020
         New York, New York

                                                                Ronnie Abrams
                                                                United States District Judge