UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/18/2020

WILFREDO TORRES,

              Plaintiff,

v.

BELLEVUE SOUTH ASSOCIATES LLP;
CITY OF NEW YORK; BELLEVUE
HOSPITAL; OFFICER COLBY WRIGHT;
OFFICER NICHOLAS MACHIO; OFFICER
MICHAEL TRAVERSO; OFFICER
KRZYSZTOF FRYC; OFFICER KEVIN
WAHLIGH; NYU HOSPITALS CENTER;
DOCTOR AARON BUCKLAND; DENNIS
MCGOWAN; LIEUTENANT JAMES
SCORDUS; FIREFIGHTER DANIEL
BARVELS; FIREFIGHTER JOHN PEPE;

              Defendants.

No. 16-CV-2362 (RA)

OPINION ADOPTING REPORT &
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

     On March 29, 2016, Plaintiff Wilfredo Torres, proceeding *pro se*, brought this action against the New York City Police Department, the New York City Department of Buildings, and Bellevue South Associates L.P., alleging violations of the First and Fourth Amendments pursuant to 42 U.S.C. § 1983. Dkt. 1. On February 14, 2018, the Court granted Plaintiff leave to file a second amended complaint (the "SAC"), permitting him to amend to join Defendant Dennis McGowan to this action. Dkt. 218. Plaintiff filed the SAC on July 10, 2018. Dkt. 275. Plaintiff's allegations against McGowan stem from an alleged raid on his apartment on September 28, 2015 by several NYPD officers. Plaintiff contends that McGowan, then the inspector general of the New York City Department of Buildings ("DOB"), sent the NYPD

officers to his apartment.[1]  On September 13, 2019, McGowan moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 361.

On February 26, 2020, Magistrate Judge Fox issued a Report and Recommendation ("Report"), recommending that the Court deny McGowan's motion to dismiss.  Rpt. at 11 (Dkt. 374).  The Report first explains Plaintiff's theory of liability as to McGowan – that is, Plaintiff alleges "the police officers – acting without a warrant: (1) entered his apartment by breaking down the door; (2) searched his apartment; (3) advised him that the person who had sent them to his apartment, ostensibly to enter the same and search it without the benefit of a warrant, was McGowan, DOB's inspector General; and (4) wrote McGowan's name on a piece of paper and provided it to Torres."  *Id.* at 9.  In sum, Torres alleges that "McGowan . . . set in motion the warrantless entry into and search of Torres's apartment on September 28, 2015, by directing New York City police officers to travel to Torres's apartment and effect the warrantless entry and search of the premises."  *Id*.

Citing Second Circuit precedent establishing that "[a] person may be liable in a § 1983 action by bringing about a violation of another's rights indirectly, that is, by 'ordering or helping others to do unlawful acts, rather than doing them him – or herself,'" the Report concludes that Torres had plausibly plead "sufficient factual information tending to show that his Fourth Amendment right was violated by McGowan, acting in concert with New York City police officers."  *Id*. at 9-10 (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (explaining that § 1983's "direct participation" requirement "does not foreclose the liability of a person who, with knowledge of the illegality, participates in bringing about a violation of the victim's rights but does so in a manner that might be said to be 'indirect'")).  Recognizing that

---

[1] For purposes of this Opinion, the Court assumes the parties' familiarity with the facts.

McGowan disputes Plaintiff's allegations and asserts different facts, the Report notes that it cannot properly consider McGowan's facts at the Rule 12(b)(6) stage, particularly because he has alleged them only in a memorandum of law. *See* Rpt. at 10-11 (citing *Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) ("[M]emorandum of law . . . is not evidence at all.")). As a final note, the Report determines that "the motion record is devoid of information from which the Court could analyze properly whether the doctrine of qualified immunity is applicable to [McGowan] in this case." Rpt. at 11. McGowan did not file any objections to this Report.[2]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may object to a magistrate judge's recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2). "The district court may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions sets forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotation marks omitted); *see also Santos v. City of New York*, No. 10-CV-3159 (JPO), 2012 WL 565987, at *1 (S.D.N.Y. Feb. 21, 2012) ("When no objections are filed to an R&R, a

---

[2] On May 18, the City of New York Law Department, writing on behalf of Defendants McGowan and the City of New York, requested the consolidation of this action with another, *Torres v. City of New York et al.*, No. 19-CV-6332 (ER), "for the purposes of discovery to avoid the prejudice to defendants that will result from having to litigate these duplicative and intertwined claims separately." Dkt. 386 at 7. The cases, however, do not warrant consolidation. In brief, the action before Judge Ramos focuses on several incidents that took place in 2018 and 2019, years after the two incidents at issue in this action, and includes allegations of false arrests and false criminal accusations, which do not appear in this case. In addition, the defendants in the two actions do not overlap with the exception of the City of New York and Health & Hospitals Corporation, both of whom have been dismissed from this action in opinions filed today. Nonetheless, the Court recommends that the parties coordinate discovery in this case with discovery in *Torres v. City of New York et al.*, No. 19-CV-6332 (ER).

district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation.").

As no objections were filed, the Court has reviewed Judge Fox's Report for clear error and found none. However, after reviewing the record with respect to other defendants in this action, in particular the City of New York and the individual NYPD officers whom Plaintiff also alleged were involved in the September 28, 2015 incident at his apartment, the Court is highly skeptical that this action could survive a motion for summary judgment. But in light of the action's procedural posture and McGowan's decision not to file objections, the Court – reluctantly – adopts the Report in its entirety.

Accordingly, McGowan's motion to dismiss pursuant to Rule 12(b)(6) is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 361.

SO ORDERED.

Dated:   June 18, 2020
         New York, New York

                                        Ronnie Abrams
                                        United States District Judge