USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO TORRES,

          Plaintiff,

          v.

BELLEVUE SOUTH ASSOCIATES L.P.;
CITY OF NEW YORK; BELLEVUE
HOSPITAL; OFFICER COLBY WRIGHT;
OFFICER NICHOLAS MACHIO; OFFICER
MICHAEL TRAVERSO; OFFICER
KRZYSZTOF FRYC; OFFICER KEVIN
WAHLIGH; NYU HOSPITALS CENTER;
DOCTOR AARON BUCKLAND; DENNIS
MCGOWAN; LIEUTENANT JAMES
SCORDUS; FIREFIGHTER DANIEL
BARVELS; FIREFIGHTER JOHN PEPE;

          Defendants.

No. 16-CV-2362 (RA)

OPINION ADOPTING REPORT &
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

      On March 29, 2016, Plaintiff Wilfredo Torres, proceeding *pro se*, brought this action against the New York City Police Department, the New York City Department of Buildings, and Bellevue South Associates L.P., alleging violations of the First and Fourth Amendments pursuant to 42 U.S.C. § 1983. Dkt. 1. On October 24, 2016, Plaintiff filed an amended complaint, which added NYU Hospitals Center ("NYU") – sued herein as NYU Hospital for Joint Diseases – to this action. Dkt. 33. NYU filed a motion to dismiss on May 26, 2017. Dkt. 70. However, after Plaintiff's request to file a second amended complaint was granted in part, Dkt. 218, the Court denied NYU's motion to dismiss as moot, Dkt. 219. Thus, on April 5, 2018, NYU filed the present motion to dismiss

Plaintiff's second amended complaint.[1]  Dkt. 253.  Plaintiff's allegations against NYU stem from his back surgery at the hospital on April 26, 2016 and its response to his decision to discharge himself on April 28, 2016 – one day earlier than scheduled.[2]

On February 26, 2020, Magistrate Judge Fox issued a Report and Recommendation ("Report"), recommending that the Court grant NYU's motion to dismiss.  Rpt. at 14 (Dkt. 373). The Report first rejects Plaintiff's request to consider new factual allegations asserted in his opposition brief as properly supplementing the complaint.  *See id.* at 11.  It then recommends dismissing Plaintiff's 42 U.S.C. § 1983 claims against NYU on the grounds that the "second amended complaint is devoid of any factual allegations that link NYU to the events that ensue at Torres' apartment and elsewhere, after Torres discharged himself from NYU's hospital facility." *Id*.  Furthermore, the Report finds that "no basis exists upon which to conclude that NYU was acting under color of law with respect to any of the alleged constitutional violations that occurred at Torres's apartment and elsewhere, after Torres discharged himself from NYU, on April 28, 2016." *Id.* at 12.  Regarding the alleged state causes of action, the Report also recommends dismissing those as a result of Plaintiff's failure to plausibly state a claim for negligence, malpractice, or false imprisonment, noting in particular that "Torres's reliance on the doctrine of respondeat superior is misplaced." *Id.* at 14.  In conclusion, the Report recommends denying Plaintiff

---

[1] As the Report notes, NYU's motion to dismiss references Plaintiff's proposed second amended complaint, rather than the actual second amended complaint, which was filed on July 10, 2018, Dkt. 275. *See* Rpt. at 1 n.1.  Although there are "textual differences between the two documents," the Court agrees with Judge Fox that those differences are "irrelevant" for resolving NYU's present motion to dismiss. *Id.*

[2] For purposes of this Opinion, the Court assumes the parties' familiarity with the facts.

another opportunity to amend because he "has been given ample opportunity to plead" sufficient facts. *Id.*

Plaintiff filed timely objections to this Report. In a letter that broadly addressed all five Report and Recommendations that Judge Fox filed in this action on February 26, 2020, Plaintiff asserted that he is "included in the federal government terrorism list" and that the alleged incidents on September 28, 2015 and April 28, 2016 were "part of the domestic assassinations programs." Dkt. 380 at 1 (docketed on Mar. 13, 2020). Other than noting that Judge Fox recommended granting NYU's motion, Plaintiff's letter does not otherwise address the Report at issue here.[3] *See id.* at 2.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2). "The district court may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions sets forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotation marks omitted). However, a court must undertake a *de novo* review of those portions to which specific objections are made. *See* 28 U.S.C. § 636(b)(1)(C). "[T]o the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Alam v. HSBC Bank USA, N.A.*, No. 07-CV-

---

[3] Plaintiff also claims that "Judge Fox relied on inaccurate or incomplete data, but [he] could not correct it because to file objections [he] was only give fourteen (14) days after its 2-25-20 decision" and thus "had no time to consult with the Court's legal clinic for pro se litigants." *Id.* at 2. Plaintiff does not state what he believes was the "inaccurate or incomplete data" that Judge Fox relied on, particularly in this Report regarding NYU's motion, nor did Plaintiff request an extension to file his objections. *Id.*

3540 (LTS), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009).  And while "[o]bjections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest, . . . even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Quinn v. Stewart*, No. 10-CV-8692 (PAE) , 2012 WL 1080145, at *4 (S.D.N.Y. Apr. 2, 2012) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Even when construed liberally, Plaintiff's objections to the Report are not "specific [nor] clearly aimed at" Judge Fox's conclusions.  *Quinn*, 2012 WL 1080145, at *4.  Other than noting that the Report recommends granting NYU's motion, Plaintiff has not otherwise addressed any aspect of the Report.  The Court, therefore, applies the clear-error standard of review and concludes that the Report is free of clear error in its resolution of Plaintiff's § 1983 and state law claims against NYU.  Moreover, the Court agrees with Judge Fox's recommendation that Plaintiff's request for leave to amend should be denied.  Not only has Plaintiff previously been afforded an opportunity to amend his complaint against NYU, but also he has yet to offer any plausible allegations that NYU was a state actor and/or directly involved in and responsible for any alleged unlawful conduct on April 28, 2016.  *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.  However, leave to amend a complaint may be denied when amendment would be futile.") (internal citations and quotation marks omitted)).

4

Accordingly, the Report is adopted in its entirety and NYU's motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 253 and to close this action as to Defendant NYU.

SO ORDERED.

Dated:  June 18, 2020
        New York, New York

Ronnie Abrams
United States District Judge