UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                Plaintiff,

v.

NYC POLICE DEPARTMENT, *et al.*,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

16-CV-2362 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Wilfredo Torres brings this action alleging violation of his constitutional rights stemming from two incidents in which New York Police Department ("NYPD") officers and Fire Department of New York ("FDNY") personnel entered his home without a warrant, and on one occasion, took him to a hospital without his consent. *See* Second Amended Complaint ("SAC") (Dkt. 275). Pending before the Court are Defendants Dennis McGowan and Dr. Aaron Buckland's motions for summary judgment. Dkt. 414; Dkt. 419.

    McGowan is the former Executive Director of Investigations for the New York City Department of Buildings. *See* Affidavit of Dennis McGowan, dated November 17, 2017 ("McGowan Aff.") (Dkt. 209) ¶¶ 1–2. On September 28, 2015—upon receiving multiple messages from Torres asserting that dangerous fumes were entering his apartment—McGowan informed the NYPD that Torres may be in danger. *Id*. ¶¶ 6–8. This call resulted in the NYPD's warrantless entry of Torres's apartment on that same date. SAC ¶ 30. Buckland is a surgeon at New York University School of Medicine who operated on Torres on April 26, 2016. *See* Affidavit of Aaron Buckland, dated August 13, 2020 ("Buckland Aff.") (Dkt. 421) ¶¶ 1, 3. On April 28, 2016, after Torres left the hospital against medical advice, Buckland

was present for the warrantless entry of FDNY personnel into Torres's apartment and later recommended that Torres be transported to Bellevue Hospital for evaluation. *Id*. ¶ 8.

The Court assumes the parties' familiarity with the remaining facts and procedural history this case, and will not reiterate them here. For the reasons provided below, the motions for summary judgment are GRANTED.

## DISCUSSION

Torres asserts that McGowan caused him harm by asking the NYPD to conduct a wellness check on Torres, leading to the NYPD's warrantless entry into Torres's apartment on September 28, 2015. *See* SAC ¶¶ 26–30. Torres similarly asserts that Dr. Buckland harmed him by authorizing NYPD and FDNY personnel to seize Torres and transport him against his will to Bellevue Hospital on April 28, 2016. *See id*. ¶¶ 37–39. Although Torres's complaint is not entirely clear, the Court construes Torres's claims against both McGowan and Buckland as 42 U.S.C. § 1983 claims for violation of his Fourth Amendment rights.

To establish liability under § 1983, Torres must show "[i] the defendant acted under color of state law; and [ii] as a result of the defendant's actions, the plaintiff suffered a denial of h[is] federal statutory rights, or h[is] constitutional rights or privileges." *Annis v. Cty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). McGowan is not alleged to have personally participated in the search of Torres's home on September 28, 2015, SAC ¶ 27, nor is Buckland alleged to have personally participated in the forced entry of Torres's home on April 28, 2016, or his seizure on that date, *id*. ¶ 38; Buckland Aff. ¶ 6. Nonetheless, each may still be liable under § 1983 if he "participate[d] in bringing about a violation of the victim's rights . . . 'indirect[ly]'—such as [by] ordering or helping others to do the unlawful acts, rather than doing them him[self]." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (explaining that § 1983's "direct participation" requirement "does not foreclose the liability of a person

who, with knowledge of the illegality, participates in bringing about a violation of the victim's rights but does so in a manner that might be said to be 'indirect'").

On June 18, 2020, the Court adopted a report and recommendation prepared by Magistrate Judge Fox addressing a motion for summary judgment filed by several other Defendants in this case, including those NYPD officers and FDNY personnel involved in the September 28, 2015 and April 28, 2016 incidents. *See* Dkt. 388 (adopting Judge Fox's February 26, 2020 report and recommendation, found at Dkt. 376). After considering the evidence presented by those Defendants, as well as Torres' 33-page brief in opposition and multiple supplementary memoranda, Dkt. 229, 246, 47, 380, the Court granted the motion for summary judgment. The Court concluded that Defendants' actions on both of those dates were reasonable under the emergency aid doctrine, and that the conduct at issue was thus not unlawful. *Id*. at 2–3, 6.

To the extent that Torres now seeks to challenge this conclusion, his efforts are barred by the law-of-the-case doctrine, which "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009); *see also Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). Compelling reasons include "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Johnson,* 564 F.3d at 99, none of which have been demonstrated here.

Torres has provided no new evidence—nor cited any intervening change in law—to alter the Court's prior ruling that no constitutional violation occurred during either the September 28, 2015 or the April 28, 2016 incident. As Judge Fox noted in his February 26, 2020 report and recommendation, the officers involved in the September 28 incident believed they were responding to a possible emergency situation. Dkt. 376 at 24. They had been called to Torres's apartment on the belief that he was in "need

3

of assistance because he may have been overcome by toxic fumes entering the premises." *Id*. When they arrived they were unable to communicate with Torres. *Id*. And while waiting to be let into the apartment, one officer "heard what he believed was the sound of a person falling inside Torres's apartment." *Id*. The April 28 incident was likewise believed to be a medical emergency. The NYPD and FDNY personnel involved in that incident had been informed that "Torres [had] left [the hospital] in an agitated state, with a medical device implanted in an open wound and that his judgment might be impaired, based upon his recent surgery and the medications that had been administered to him post-operatively." *Id*. at 25. Moreover, when the first responders arrived at Torres's home, Torres "fail[ed] to respond when the City's employees knocked on his door." *Id*. These uncontested facts rendered both warrantless entries into Torres's apartment, as well as Torres's transport to the hospital, reasonable under the emergency aid doctrine. *See Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020) ("Under the emergency aid doctrine, exigent circumstances exist permitting entry [under the Fourth Amendment] if law enforcement has probable cause to believe that a person is 'seriously injured or threatened with such injury.'" (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006))).

Because neither the September 28, 2015 nor the April 28, 2016 incident was unlawful, neither McGowan nor Buckland can be said to have "participate[d] in bringing about a violation of [Torres'] rights." *Provost*, 262 F.3d at 155. For this reason, the Court concludes that no reasonable jury could find McGowan or Buckland liable under § 1983, and so grants their motions for summary judgment.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 414 and 419 and to terminate Defendants Dennis McGowan and Dr. Aaron Buckland from this case.

SO ORDERED.

Dated:   January 7, 2021
         New York, New York

_____
RONNIE ABRAMS
United States District Judge