UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/31/2021
```

WILFREDO TORRES,

                          Plaintiff,                    16-CV-2362 (RA)

            v.                                          16-CV-3437 (RA)

NYC POLICE DEPARTMENT, *et al.*,                        ORDER

                          Defendants.

RONNIE ABRAMS, United States District Judge:

         Of the four related actions before this Court brought by Mr. Torres, pro se, in relation to the

events of September 28, 2015 and April 28, 2016, two have been terminated in full, *see* 16-CV-6434

(RA)(KNF) and 18-CV-4665 (RA)(KNF), and two have been terminated in large part, *see* 16-CV-2362

(RA)(KNF) ("the 2362 Action") and 16-CV-3437 (RA)(KNF) ("the 3437 Action").  All that remain are

the following: Torres's claims against Officer Kevin Wahligh, Firefighter John Pepe, Lieutenant James

Scordus, and Firefighter Daniel Barvels in the 2362 Action, and Torres's claims against Bellevue South

Associates ("BSA") and the City of New York (through the New York City Police Department, or

"NYPD") in the 3437 Action.  Additionally, Torres has filed a motion to disbar defense counsel and

impose sanctions against them, Dkt. 446, which currently remains pending.  For the reasons provided

below, Torres's remaining claims are DISMISSED and his motion for sanctions and to disbar defense

counsel is DENIED.

## DISCUSSION

### I.   The 3437 Action

In the 3437 Action, which arose from the same two incidents as did the 2362 Action, Torres sued only two parties: BSA and the City of New York.[1]  Dkt. 1.  The Court now dismisses that action against each Defendant.

### A.  Claims Against BSA

On February 5, 2018, BSA filed a motion for summary judgment in the 2362 Action, asserting that as a private entity, BSA did not act under color of state law and thus could not be found liable for violating Torres's constitutional rights.  16-CV-2362 at Dkts. 191, 237 at 5–6.  On March 9, 2018, Torres filed an opposition to this motion, in which he reasserted his claims against BSA and to which he attached a series of exhibits including photographs and affidavits.  16-CV-2362 at Dkt. 231.  On February 26, 2020, Judge Fox issued a report and recommendation in which he concluded that BSA was not working under the color of state law, and thus was not subject to liability for any alleged violation of Torres's constitutional rights.  16-CV-2362 at Dkt. 375 at 13.  Torres filed an objection to the report and recommendation on March 13, 2020.  16-CV-2362 at Dkt. 380.  On June 18, 2020, upon consideration of Torres's objection, the Court accepted the report and recommendation and granted the motion for summary judgment, agreeing that there was "no genuine dispute of fact that BSA was a private entity, which was not working under the color of state law."  16-CV-2362 at Dkt. 389 at 4.

In a recent status letter to Judge Fox, BSA requested "that its motion for summary judgment in the 2362 Action be deemed a motion for summary judgment in the 3437 Action as well" because "[t]he

---

[1] In the 3437 Action, as in the 2326 Action, Torres initially brought suit against the NYPD, rather than the City.  16-CV-3437 at Dkt.1.  On June 28, 2016, the Court dismissed Torres's claims against the NYPD "because agencies of the City of New York are not entities that can be sued" and instead "construe[d] the complaint as asserting claims against the City of New York." 16-CV-3437 at Dkt. 6 (citing N.Y. City Charter ch. 17, § 396).  The Clerk of Court then amended the docket in the 2362 Action accordingly, but failed to make the same change to the docket in the 3437 Action.  For this reason, the NYPD is still the defendant of record in the 3437 Action rather than the City.  Despite this error in the docket, the Court will refer to the defendant in the 3437 Action as "the City" or "New York City," as its June 28, 2016 order mandates.

Complaint in the 3437 Action is entirely subsumed by the Complaint in the 2362 Action[, i]t is based on the same two incidents . . . and in no way expands upon the allegation of the Complaint in the 2362 Action." 16-CV-3437 at Dkt. 42 at 2. BSA further represented that it was only due to its own oversight that its motion for summary judgment in the 2362 Action did not also explicitly ask for summary judgment in the 3437 Action. *Id.*

The Court grants BSA's request. The claims against BSA are substantively identical between the two actions, as are the facts alleged. *Compare* 16-CV-3437 at Dkt. 2 (Complaint) *with* 16-CV-2362 at Dkt. 275 (Second Amended Complaint or "SAC"). The Court is also satisfied that Torres was given the opportunity to be heard on this motion, through his memorandum of law in opposition to the motion as well as his opposition to Judge Fox's report and recommendation. 16-CV-2362 at Dkt. 231, 380. Accordingly, the Court now grants summary judgment for Defendant BSA in the 3437 Action for the reasons stated in its June 18, 2020 opinion in the 2362 Action. *See* 16-CV-2362 at Dkt. 389.

### B. Claims Against New York City

On February 5, 2018, the City filed a motion for summary judgment in the 2362 Action asserting, *inter alia*, that the events of September 28, 2015 and April 28, 2016 were justified under the emergency aid doctrine, and thus did not violate Torres's constitutional rights. 16-CV-2362 at Dkt. 204; 16-CV-2362 at Dkt. 213 at 8–13. On March 12, 2018, Torres filed an opposition to this motion, in which he reasserted his claims against the City and to which he attached a series of exhibits including photographs and affidavits. 16-CV-2362 at Dkt. 229. On February 26, 2020, Judge Fox issued a report and recommendation in which he concluded that the City—through the police officers and firefighters acting as its agents—did not violate Torres's constitutional rights on September 28, 2015 and April 28, 2016 because in both instances, it was acting pursuant to the "emergency aid doctrine," an exception to the Fourth Amendment's warrant requirement. 16-CV-2362 at Dkt. 376 at 24–25. Torres filed an objection to the report and recommendation on March 13, 2020. 16-CV-2362 at Dkt. 380. On June 18, 2020,

upon consideration of Torres's objection, the Court accepted the report and recommendation and granted the motion for summary judgment.  16-CV-2362 at Dkt. 388.

Because Torres is proceeding *in forma pauperis*, Dkt. 10, federal law obligates this Court to "dismiss the case at any time if [it] determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  Here, the claims made against the City in the 3437 Action are substantively identical to those made in the 2362 Action.  *Compare* 16-CV-2362 at Dkt. 275 (detailing the events of September 28, 2015 and April 28, 2016 and claiming that they violated his First, Fourth, and Fourteenth Amendment) *with* 16-CV-3437 at Dkt. 2 (same).  Because the Court has already dismissed these claims on the merits in the 2362 Action, the Court finds that to allow Torres to continue to pursue his claims against the City in the 3437 Action would violate 28 U.S.C. § 1915(e)(2)(B).  Moreover, the Court is satisfied that Torres was given the opportunity to be heard on these claims, through his memorandum of law in opposition to the City's motion for summary judgment in the 2362 Action as well as his opposition to Judge Fox's report and recommendation in that case.  16-CV-2362 at Dkts. 229, 380.  Accordingly, the Court dismisses the 3437 Action against the City pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II.    The 2362 Action

In the 2362 Action, Torres sued, among others, eight police officers and firefighters who forcibly entered his home on September 28, 2015 and April 28, 2016.  *See* 16-CV-2362 at Dkt. 275.  He claimed these eight individuals violated his constitutional rights by entering his home, detaining and interrogating him, and forcibly transporting him to a hospital without a warrant.  *Id.*

---

[2] Torres never served process on the City in the 3437 Action.  *See* 16-CV-3437 at Dkt. 42 at 1 n.1.  Dismissal is thus also warranted for that reason.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

As noted above, on February 5, 2018, the City filed a motion for summary judgment on its behalf and on the behalf of four of those officers and firefighters. Dkt. 204 (moving for summary judgment on behalf of the City of New York, Sergeant Colby Wright, Sergeant Nicholas Macchio, Officer Michael Traverzo, and Officer Krzysztof Fryc). Wahligh, Pepe, Scordus, and Barvels were not included as parties to this motion, as Torres had yet to serve process on these Defendants at that time. *See id*. On July 19, 2019, after Pepe, Scordus, and Barvels were served, the City filed a letter motion requesting that the Court treat the motion for summary judgment at docket entry 204 as Scordus, Barvels, and Pepe's response to the Second Amended Complaint. 16-CV-2362 at Dkt. 351.[3] Judge Fox, to whom this action had been referred, did not rule on this letter motion.

As documented above, Torres filed an opposition to the officers' motion for summary judgment on March 12, 2018, 16-CV-2362 at Dkt. 229, and on February 26, 2020, Judge Fox issued a report recommending that the motion for summary judgment be granted, 16-CV-2362 at Dkt. 376. Torres filed an objection on March 13, 2020. 16-CV-2362 at Dkt. 380. On June 18, 2020, accepting Judge Fox's report and recommendation, the Court granted summary judgment to Wright, Macchio, Traverzo, Fryc, and the City. 16-CV-2362 at Dkt. 388. Scordus, Barvels, Pepe, and Wahligh were omitted from this decision. 16-CV-2362 at Dkts. 376, 388.

As with the claims against the City discussed above, the Court finds that to allow Torres to continue to pursue his claims against Scordus, Barvels, Pepe, and Wahligh would violate 28 U.S.C. § 1915(e)(2)(B). Torres contends that all eight Defendants violated his constitutional rights by entering his home, detaining and interrogating him, and forcibly transporting him to a hospital without a warrant. 16-CV-2362 at Dkt. 275. But the Court has already concluded as a matter of law that these actions were

---

[3] Wahligh was not included in this letter motion because Torres still had not served process on Wahligh at that time. In a June 22, 2017 letter to Judge Fox, Torres explained that because Wahligh was longer employed by the NYPD, Torres was struggling to find an address at which to serve Wahligh. 16-CV-2362 at Dkt. 89. Torres requested additional time to serve Wahligh and asked the Court to order the City to provide Wahligh's last known address. *Id*. Judge Fox did not rule on this motion, and Torres never served process on Wahligh.

justified under the emergency aid doctrine, and thus did not violate Torres's constitutional rights. 16-CV-2362 at Dkt. 388 at 2–3, 6. That finding applies equally to Scordus, Barvels, Pepe, and Wahligh. And as discussed above, the Court is satisfied that Torres was given the opportunity to be heard on these claims. The Court thus dismisses the 2362 Action against these Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III.   Leave to Amend

Although this Court will generally grant a pro se plaintiff leave to amend before dismissing his case *sua sponte*, it will not do so here. *See Cummings v. Giuliani*, No 00-CV-6634 (SAS), 2000 U.S. Dist. LEXIS 15675, 2000 WL 1597868, at *4 (S.D.N.Y. Oct. 26 2000) (acknowledging the usual practice of granting leave to amend but declining to apply it). Torres has been given multiple opportunities to amend his complaint, *see* 16-CV-2362 at Dkt. 33, Dkt. 275, but despite his repeated attempts to bolster his claims, has continuously failed to present arguably meritorious claims. For this reason, the Court now concludes that any further amendment would prove futile. *See Marchi v. Board of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 478 (2d Cir. 1999), *cert. denied*, 528 U.S. 869 (1999) (holding that futility provides a solid ground on which to deny leave to amend).

### IV.   Sanctions and Disbarment

Finally, Torres has filed a motion requesting "the disbarment of the defense lawyers, and imposition of monetary sanctions against their law-firms [sic], as penalties for falsely and maliciously denying their relation in this case to the U.S. Central Intelligence Agency ("the CIA terrorists"), its domestic assassinations program also known as COINTELPRO, and other federal agencies, with the sole purpose of preventing me from prosecuting this action." 16-CV-2362 at Dkt. 446. While Torres's sanctions motion is replete with speculative and conclusory allegations, he asserts no credible facts that support his claim that defense counsel engaged in sanctionable conduct. Moreover, Torres has not cited, nor can the Court find, any case law that supports the imposition of sanctions in case like this, in which

the Court has dismissed the moving party's claims in full on the merits.  The motion for sanctions, as well as the motion to disbar defense counsel, is frivolous and thus denied.

## CONCLUSION

For the foregoing reasons, Torres's remaining claims against Defendants Wahligh, Pepe, Scordus, and Barvels in the 2362 Action, and his claims against Bellevue South Associates and the New York Police Department in the 3437 Action are DISMISSED.  Torres's motion for sanctions and to disbar defense counsel is DENIED.  The Clerk of Court is respectfully directed to close case numbers 16-CV-2362 and 16-CV-3437.

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff.

SO ORDERED.

Dated:     March 31, 2021
           New York, New York

                                        RONNIE ABRAMS
                                        United States District Judge